FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 21 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ERICK SMITH AND KIZZIE LUCAS,**
Each individually and on behalf of all others
Similarly situated                                                                  **PLAINTIFFS**

v.                      Case No. 3:23-CV-00144-BSM

**BLYTHEVILLE SCHOOL DISTRICT**                                         **DEFENDANT**

### CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Erick Smith and Kizzie Lucas, each individually and on behalf of all others similarly situated, by and through their attorneys Lindsey Noe and Chris Burks of WH LAW, for their Class and Collective Action Complaint against Blytheville School District, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs Erick Smith and Kizzie Lucas, individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other hourly-paid employees lawful minimum wage compensation for hours worked under forty (40) per work and lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of Mississippi County, Arkansas.

13. Plaintiffs were employed by Defendant as hourly-paid employees within the three years relevant to this lawsuit.

14. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant Blytheville School District is a public school district located in Mississippi County, Arkansas.

16. Defendant Blytheville School District can be served via its superintendent, Dr. Veronica Perkins, who is located at 405 Park St., Blytheville, AR 72315.

17. Defendant Blytheville School District is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

18. Defendant Blytheville School District operates multiple campuses and has one administrative office that centralizes all pay, time, and human resources policies so that they are the same across its campuses.

19. During the time period relevant to this case, Plaintiffs were employed by the Defendant as bus drivers who transported students between their homes and school campuses, as well as transporting students for other school-related events and activities.

20. Defendant Blytheville School District has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

### IV. FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as bus drivers.

23. Plaintiffs signed contracts with the district that set forth their respective rates of pay for the contracted school year of 2022-2023.

24. Plaintiffs are paid a set hourly rate for time spent driving their regularly assigned bus routes, which require Plaintiffs to transport students to and from school twice a day.

25. As part of their regular job duties, Plaintiffs and other similarly situated bus driver employees drive additional routes, which require Plaintiffs to transport students and faculty members to other locations for school-related events like field trips, athletic events, and extra-curricular activities.

26. Plaintiffs and other similarly situated bus driver employees are required to wait at these various locations for students and faculty members to finish their events so they can transport them back to school campuses.

27. In previous years, Plaintiffs and other similarly situated bus driver employees received an additional hourly rate for time spent driving these additional routes.

28. Plaintiffs and other similarly situated bus driver employees were also paid an hourly rate for the period of time that they had to wait for students and faculty members to finish their events.

29. Plaintiffs and other similarly situated bus driver employees tracked the time they spent driving these additional routes on handwritten timesheets which they submitted to Defendant.

30. During the 2022-2023 school year, Defendant stopped paying Plaintiffs and other similarly situated bus driver employees their hourly rate for all the time spent driving additional routes.

31. Defendant also reduced Plaintiffs and other similarly situated bus driver employees hourly pay for the period of time they spent waiting for students from their regular hourly rate to a lower rate.

32. Defendant stated to Plaintiffs and other similarly situated bus driver employees that they are paid for two hours in the morning and two hours in the afternoon.

33. Defendant stated that drivers should not be paid any additional funds for driving additional routes to deliver faculty and staff to other locations for field trips, athletic events, and extra-curricular activities, even though Plaintiffs and other similarly situated bus driver employees are required to wait at these locations to transport them back to school and cannot leave their locations to engage in other activities.

34. As a result of Defendant's failure to pay Plaintiffs and other similarly situated bus driver employees for all the time they spent performing job duties for the district and reducing their

hourly rate for waiting time, Defendants failed to pay Plaintiffs a minimum wage rate for all hours worked and a lawful overtime rate for hours worked over forty (40) in a workweek.

35.     Defendant's pay practices were the same for all bus driver employees employed by Blytheville School District.

36.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

37.     Defendant knew or showed reckless disregard for whether the way they paid Plaintiffs and other similarly situated bus driver employees violated the FLSA and AMWA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

#### A.     FLSA § 216(b) Class

38.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiffs brings their FLSA claims on behalf of all hourly-paid bus driver employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.      Liquidated damages; and

C.  Attorneys' fees and costs.

41. The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.  They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.  They were paid hourly rates;

C.  They recorded their time in the same manner;

D.  They were subject to Defendant's common policy of failing to pay for time spent driving additional routes and reducing drivers' hourly rates for time spent waiting for students;

E.  They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

43. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 100 persons.

44. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B. AMWA Rule 23 Class

45. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to pay Plaintiffs for their regular hourly rate for waiting time, Defendant paid members of the proposed class lawful minimum wage and overtime wages in accordance with the AMWA.

48. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 100 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

53. No difficulties are likely to be encountered in the management of this class action.

54. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

56. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

58. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. During the period relevant to this lawsuit, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

61. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked and a lawful overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

62. Defendant's failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendant's acts of reducing Plaintiffs hourly wage for wait time and not paying Plaintiffs for all hours spent driving additional routes to transport student and faculty for field trips, athletic events, and extracurricular activities.

63. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

64. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

66. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

67. Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

68. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

69. During the period relevant to this lawsuit, Defendant classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

70. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated a lawful minimum wage rate for all hours worked and a lawful overtime rate of one and

one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

71.     In the past three years, Defendant has employed hundreds of hourly-paid employees.

72.     Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

73.     Defendant failed to pay these workers at the proper overtime rate.

74.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid bus driver employee who, within the three years preceding the filing of this Complaint, drove additional routes as part of their job duties for Defendant.**

75.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

77.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

78. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

80. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage rate of $11.00 an hour for all hours worked unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

83. Defendant failed to pay Plaintiffs all minimum wages and overtime wages owed as required under the AMWA.

84. Defendant's failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendant's acts of reducing Plaintiffs hourly wage for wait time and not paying Plaintiffs for all hours spent driving additional routes to transport student and faculty for field trips, athletic events, and extracurricular activities.

85. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

87. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

88. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

89. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

90. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage rate of $11.00 an hour for all hours worked unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless

an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

93. Defendant failed to pay Plaintiffs and members of the proposed class all minimum wages and overtime wages owed as required under the AMWA.

94. Defendant's failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendant's acts of reducing Plaintiffs hourly wage for wait time and not paying Plaintiffs for all hours spent driving additional routes to transport student and faculty for field trips, athletic events, and extracurricular activities.

95. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid bus driver employee who, within the three years preceding the filing of this Complaint, drove additional routes as part of their job duties for Defendant.**

96. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

97. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

98. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Erick Smith and Plaintiff Kizzie Lucas respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid

overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I) An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Erick Smith and Kizzie Lucas, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

wh Law
1 Riverfront Place, Suite 745
North Little Rock, AR 72114
501-891-6000

By: Lindsey Noe (ABN: 2009209)
lindsey@wh.law
Chris Burks (ABN: 2010207)
chris@wh.law